IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEREMY DEWAYNE FOXWORTH,
    Petitioner,

vs.                                         Case No.:  5:13cv319/MMP/EMT

DEPARTMENT OF CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent filed an answer and relevant portions of the state court record (doc. 16). Petitioner filed a reply (doc. 18).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 16).[1] Petitioner was charged in the Circuit Court in and for Jackson County, Florida, Case No. 2011-CF-798, with one count of escape from state custody (Ex. C at 11).

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 16). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Petitioner entered a written plea agreement, pursuant to which he agreed to plead no contest to the charge in exchange for a sentence of six (6) years in prison, to run consecutively to the sentence he was presently serving (*id.* at 24–25). On March 20, 2012, the trial court accepted the plea and sentenced him, in accordance with the plea agreement, to six (6) years in prison, to run consecutively to any sentence he was then serving (*id.* at 13–20, 26–30). Petitioner did not appeal the judgment.

On August 15, 2012, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. C at 1–3). The state circuit court summarily denied the motion in an order rendered January 30, 2013 (*id.* at 60–62). Petitioner appealed the decision to the First DCA, Case No. 1D13-1231 (Ex. B, Ex. C at 88, Ex. D). The First DCA affirmed the judgment per curiam without written opinion on June 4, 2013, with the mandate issuing July 2, 2013 (Exs. F, G). Foxworth v. State, 114 So. 3d 940 (Fla. 1st DCA 2013) (Table).

Petitioner filed the instant federal habeas action on September 16, 2013 (doc. 1).

## II. STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).  In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

---

[2] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Case No.:  5:13cv319/MMP/EMT

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim. Moreover, where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. See Henderson v. Campbell, 353 F.3d 880, 890 n. 15 (11th Cir. 2003).

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of a legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); cf. Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). "In determining whether a state court's decision represents an unreasonable application of clearly established federal law, a federal court

conducting habeas review 'may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011) (quoting Williams, 529 U.S. at 411) (citing Harrington v. Richter, — U.S. —, 131 S. Ct. 770, 786–87, 178 L. Ed. 2d 624 (2011)). The AEDPA's "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See* Gill, *supra* at 1291 (citing Harrington, 131 S. Ct. at 786). Under § 2254(d), a habeas court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See* Harrington, 131 S. Ct. at 786; *see also* Gill, *supra,* at 1292 (the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see, e.g.*, Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s

"unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact."). The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* Gill, 633 F.3d at 1292. A petitioner is not entitled to relief unless he demonstrates by clear and convincing evidence that the record reflects an insufficient factual basis for affirming the state court's decision. *Id.*

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Within this framework, the court will review Petitioner's claims.

III.   PETITIONER'S CLAIMS

Ground One: "Ineffective assistance of counsel for allowing defendant to enter a plea without advising him that the evidence was insufficient."

Petitioner alleges defense counsel erroneously informed him that if he proceeded to trial, he would be found guilty of escape (doc. 1 at 4). Petitioner alleges he entered a plea based upon counsel's representation (*id.*). Petitioner states after he arrived in prison, he discovered that he had a viable defense to the charge, because he did not escape from Graceville Work Camp or while being transported to or from the Work Camp, as alleged in the information (*id.*). Petitioner states he would not have entered a plea if he counsel had advised him of this defense (*id.*). Petitioner states he raised this claim in his Rule 3.850 motion (*id.*)

Respondent contends the state court's adjudication of the claim is entitled to deference under the AEDPA (doc. 16 at 6–13).

    1.    Clearly Established Federal Law

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." Lafler v. Cooper, — U.S. —, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012) (citing Missouri v. Frye, — U.S. —, 132 S. Ct. 1399, 1404, — L. Ed. 2d — (2012), and McMann v. Richardson, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler, 132 S. Ct. at 1387. The two-part test articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), applies to claims that counsel was ineffective during plea negotiations. Lafler, 132 S. Ct. at 1384 (applying Strickland's two-part test to federal habeas petitioner's claim that counsel was ineffective for advising him to reject a plea offer); Frye, 132 S. Ct. at 1404, 1409–10 (applying Strickland's two-part test to federal habeas petitioner's claim that counsel was ineffective for failing to communicate a prosecution plea offer before it lapsed); Hill v. Lockhart, 474 U.S. 52, 48, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (applying Strickland's two-part test to defendant's challenge to his guilty plea based on ineffective assistance of counsel).

Strickland's first prong requires a defendant to show "'that counsel's representation fell below an objective standard of reasonableness.'" Hill, 474 U.S. at 57 (quoting Strickland, 466 U.S. at 688). The focus of inquiry under the performance prong of the Strickland standard is whether counsel's assistance was "reasonable considering all the circumstances." Strickland, 466 U.S. at 691. "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Indeed, the Supreme Court warned about second-guessing professional judgments made by counsel:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court . . . . Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be.

> Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts. That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

McMann, 397 U.S. at 769–70.

In a plea situation, counsel must provide advice "within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56–57 (quoting McMann, 397 U.S. at 771). Under this standard, representation is ineffective only if counsel commits "serious derelictions" of his duty when advising the accused. Stano v. Dugger, 921 F.2d 1125, 1150–51 (11th Cir. 1991). Absent such blatant errors, however, the court should "indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990). The Eleventh Circuit has commented that "[t]he right to competent plea bargain advice is at best a privilege that confers no certain benefit," because a defendant "may make a wise decision" without assistance of counsel or a "bad one despite superior advice from his lawyer." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam). "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [entering a plea] and going to trial." *Id.* This requires counsel to "offer his informed opinion as to the best course to be followed" and impart "a general knowledge of the possible legal consequences of facing trial" to the defendant. *Id.* Therefore, a defendant's failure to "correctly assess every relevant factor entering into his decision" does not undermine a validly entered guilty plea. *Id.* at 1509.

Strickland's second prong requires a defendant to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of pleas, "[t]he . . . 'prejudice' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59.

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness,

Case No.: 5:13cv319/MMP/EMT

while the performance and prejudice components are mixed questions of law and fact. Strickland, 466 U.S. at 698; Collier v. Turpin, 177 F.3d 1184, 1197 (11th Cir. 1999). "Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Richter, 131 S. Ct. at 788. As the Richter Court explained:

> The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Id.* (citations omitted).

2.          Federal Review of State Court Decision

Petitioner raised this claim as the sole ground for relief in his Rule 3.850 motion (Ex. C at 2). In the state circuit court's written decision denying the claim, the court correctly stated the deficient performance and prejudice prongs of the Strickland standard as the applicable legal standard (*id.* at 60). The court adjudicated the claim as follows:

> In Ground 1, the Defendant alleges that counsel was ineffective for allowing him to enter his plea without advising him that the evidence was insufficient to sustain the conviction to the charge of Escape. The Defendant is essentially challenging the voluntariness of his plea based upon defense counsel's alleged misrepresentation that no defense was available to him. A review of the attached transcript from the Defendant's plea and sentencing hearing held on March 20, 2012 shows the circumstances surrounding the plea and the colloquy between the Defendant and the Court and reflects that the plea was freely and voluntarily entered. Furthermore, a defendant's guilty or no contest plea cuts off all inquiry into matters that precede it. Thus, a defendant is barred from contesting events happening before the plea. *See Smith v. State*, 41 So. 3d 1037 (Fla. 1st DCA 2010); *See also Clift v. State*, 43 So. 3d 778, 2010 WL 2976929 (Fla. 1st DCA 2010) citing *Stano v. State*, 520 So. 2d 278, 279–280 (Fla. 1988) and *Davis v. State*, 938 So. 2d 555, 557 (Fla. 1st DCA 2006).
>
> However, to the extent that Defendant is alleging that counsel failed to advise him that there were viable defenses to the charges based upon the circumstances

> concerning the escape outlined within his motion, that he could not have been found guilty of that charges [sic], and that if counsel had properly informed him of this he would not have entered his plea, the Defendant's allegations are without merit and he is entitled to no relief. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hannon v. State*, 941 So. 2d 1109, 1118–1119 (Fla. 2006). *See also Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *Grosvenor v. Siale*, 874 So. 2d 1176, 1181–1182 (Fla. 2004).
>
> Defendant claims that he could not be guilty of escape because he was not confined while on work release; however, his claim is without merit. *See Howell v. State*, 45 So. 3d 527 (Fla. 1st DCA 2010) (which rejects an argument similar to Defendant's but in reference to Fla. Stat. § 951.24 (4) which appears to be the equivalent of 945.091(4) for county inmates). Additionally, unlike the instant case, in both cases cited by the Defendant, *Banasik v. State*, 889 So. 2d 916 (Fla. 2d DCA 2004) and *Atwell v. State*, 739 So. 2d 1166 (Fla. 1st DCA 1999), defendants went to trial and both Courts noted that the State never moved to amend the Information. Had the Defendant raised the "defenses" he suggests based on the language in the Information, the State could have just amended the Information. Defendant would not have been prejudiced as Defendant was well aware of the facts upon which he was charged and does not contest them in his motion. (*See* Transcript 3/20/12 at pg. 5). Also, unlike in *Atwell*, here 951.094(4) was referenced in the Information so Defendant was on notice of what statutes and subsections he violated. *See also State v. Burnette*, 881 So. 2d 693 (Fla. 1st DCA 2004) ("An information may withstand an untimely challenge to a technical deficiency (1) where a statutory citation for the crime is given, but all elements are not properly charged, or (2) where the wrong or not [sic] statutory citation is given, but all elements of the crime are properly charged."). Finally, any argument that Defendant did not know he could not take off from the work site and not return to the Work Release Center for two days would be frivolous. In this case, the Defendant took off and he was found two days later after several law enforcement agencies and dog teams were called to search for him. Accordingly, the Defendant's case law is distinguishable because this is not a case where Defendant was late to the work site or left the work site for a while and came back or just was late in returning to the Work Release Center.

(Ex. C at 61). Petitioner appealed the decision to the First DCA (Ex. D), and the appellate court affirmed the lower court's decision without written opinion (Ex. F).

The First DCA's affirmance constituted an adjudication of the merits of Petitioner ineffective assistance of counsel claim. Section § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been "adjudicated on the merits." *See* Harrington v. Richter, 562 U.S. —, 131 S. Ct. 770, 784, 178 L. Ed. 2d 624 (2011). When a state court issues an order that

summarily rejects without discussion all the claims raised by a defendant, including a federal claim that the defendant subsequently presses in a federal habeas proceeding, the federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits in the absence of any indication or state-law procedural principles to the contrary. 131 S. Ct. at 784–85. The presumption may be overcome when there is a reason to think some other explanation for the state court's decision is more likely. *Id.* at 785.

The state circuit court's written opinion demonstrates the court adjudicated the merits of Petitioner federal ineffective assistance of counsel claim. Petitioner has not shown that there is a reason to think the First DCA's affirmance was based upon any explanation other than the basis set forth in the circuit court's decision. Therefore, the First DCA's decision constituted an adjudication on the merits for purposes of § 2254(d).

In determining whether a state court's adjudication of a petitioner's federal claim is entitled to deference under the AEDPA, the federal habeas court is bound by the state court's interpretations of state law. *See* Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005); *see also* Mullaney v. Wilbur, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L. Ed. 2d 508 (1975) ("State courts are the ultimate expositors of state law," and federal courts must therefore abide by their rulings on matters of state law) (citations and footnote omitted); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983). Although an ineffective assistance of counsel claim is a federal constitutional claim, which the court considers in light of the clearly established rules of Strickland, when "the validity of the claim that [counsel] failed to assert is clearly a question of state law, . . . we must defer to the state's construction of its own law." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984) (in the context of alleged ineffectiveness of appellate counsel, "[o]n the one hand, the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension," but, "[o]n the other hand, the validity of the claim [counsel] failed to assert is clearly a question of state law, and we must defer to the state's construction of its own law.") (citations omitted)[3]; *see also* Callahan v. Campbell, 427 F.3d 897, 932

---

[3] Alvord was superseded by statute on other grounds as noted in Hargrove v. Solomon, 227 F. App'x 806 (11th Cir. 2007) (unpublished); *see also* United States v. Battle, 264 F. Supp. 2d 1088, 1134–35 (N.D. Ga. 2003) (noting that Alvord, involving a claim of ineffectiveness for failure to raise an insanity defense, predated passage of the Insanity

(11th Cir. 2005) (where the state court has answered the question of what would have happened if defense counsel had made the objection that petitioner faults him for not making under state law, and that answer is that the objection would have been overruled, defense counsel was not ineffective for failing to make that objection; to conclude otherwise would require the federal habeas court to conclude the state court misinterpreted state law) (quotation and omitted); Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1354–55 (11th Cir. 2005); Parades v. Quarterman, 574 F.3d 281, 291 (5th Cir. 2009) (when the state court determines that the underlying state law issue lacks merit, a federal habeas petition cannot establish either prong of Strickland).

Here, the state court determined that under Florida law, Petitioner would not have had a viable defense to the escape charge, based upon the circumstances he outlined in his Rule 3.850 motion.[4] The state court additionally determined that the State could have properly amended the information to add facts placed on the record at the plea hearing, which Petitioner did not contest and which satisfied the elements of the crime.[5] Deferring to the state court's interpretations of state

---

Defense Reform Act of 1984).

[4] In his Rule 3.850 motion, Petitioner admitted that at the time of the offense, he was in the legal custody of the Florida Department of Corrections, and housed at the Graceville Work Camp (Ex. C at 6). He also admitted he was participating in a work program with the City of Graceville as part of his prison sentence (*id.*). Petitioner alleged he was never informed of his work hours, when he was supposed to return to the Work Camp, or the limits of his confinement while he was at work (*id.* at 7). Petitioner admitted that pursuant to the terms of the work program, he was permitted to work at the Graceville Fire Department (*id.*). He stated that every morning, a City employee picked him up from the Work Camp and transported him to a sports complex, where his assigned work supervisor, Fire Chief Dennis, would pick him up and transport him to the Graceville Fire Department to perform his work assignment (*id.*). Petitioner stated that at the end of the workday, Fire Chief Dennis transported him back to the Work Camp (*id.*). Petitioner admitted that on the day alleged in the information, November 8, 2011, a City employee picked him up at the Work Camp and transported him to the sports complex (*id.*). He stated that Fire Chief Dennis picked him up and transported him to the Fire Department (*id.*). Petitioner admitted that at some point that day, Dennis discovered that Petitioner was no longer on the premises of the Fire Department, and Dennis notified law enforcement of this fact (*id.*). Petitioner contended these facts did not satisfy the elements of escape from state custody, because at the time of the alleged escape, he was not in a place of confinement or in the custody of a law enforcement officer, nor was he being transported to a place of confinement (*id.* at 6–7).

[5] The information alleged that on November 8, 2011, while Petitioner was lawfully confined in Graceville Work Camp, an extension of Jackson Correctional Institution (Florida Department of Corrections), or while being transported to or from Graceville Work Camp, Petitioner escaped or attempted to escape from such confinement (Ex. C at 11). At the plea hearing, the prosecutor provided the following factual basis for the charge:

> Had we gone to trial, we would be able to prove that, on or about November the 8th, 2011, that Mr. Foxworth was in the custody of the Florida Department of Corrections, specifically Jackson

Case No.: 5:13cv319/MMP/EMT

law, defense counsel's failure to advise Petitioner he had a viable defense to the charge was not deficient. Therefore, the state court did not unreasonably apply Strickland in adjudicating Petitioner's claim.

Petitioner failed to demonstrate that the state court's adjudication of his ineffective assistance of counsel claim was based upon an unreasonable determination of the facts, or contrary to or an unreasonable application of Strickland. Therefore, he is not entitled to federal habeas relief on Ground One.

Ground Two: "Failure to address claim of defendant's petition for appeal of 3.850."

Petitioner alleges the state circuit court denied his Rule 3.850 motion by merely adopting the State's response to the Rule 3.850 motion, which is unconstitutional (doc. 1 at 4). He alleges the First DCA abused its discretion and departed from the essential elements of the law by failing to notice and address the lower court's error (*id.*).

Respondent contends this claim is not cognizable, because it is a challenge to only the state post-conviction process, not the legality of Petitioner's conviction, and it involves a purely state law issue (doc. 16 at 13–14).

To the extent Petitioner challenges the process employed by the state post-conviction court in denying his claim (for example, the court's denying post-conviction relief based upon grounds asserted by the State in its response to Petitioner's Rule 3.850 motion), he fails to state a claim cognizable on federal habeas review. It is well established in the Eleventh Circuit that a prisoner's challenge to the process afforded him in a state post-conviction proceeding does not constitute a cognizable claim for habeas corpus relief, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *See* Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1326 (11th Cir. 2010) (holding that habeas petitioner's claim—that the state post-conviction court acted unreasonably when it determined he was competent to waive his post-

---

Correctional Institution. He was at the Graceville Work Camp and was working there in the town of Graceville with Mr. Tommy Dennis, the fire chief, and left that work squad and was gone for a period of time. They had to call out the dog teams, call out several law enforcement agencies, and on Thursday, November the 10th, he was taken back into custody, so he was gone for a period of two days after escaping.

(Ex. C at 17).

conviction proceedings and that his waiver was valid—was not cognizable on federal habeas review; "[T]he state court finding that Alston was competent to waive his post-conviction proceedings concerns the state's application of its own post-conviction procedure, not the legality of Alston's detention."); Carroll v. Sec'y, DOC, Fla. Attorney Gen., 574 F.3d 1354, 1366 (11th Cir. 2009) (holding that habeas petitioner's claim—that the state court violated his due process rights when it summarily denied his post-conviction claim without an evidentiary hearing—did not state a claim on which federal habeas relief could be granted); Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1330 (11th Cir. 2006) (same); Quince v. Crosby, 360 F.3d 1259, 1261–62 (11th Cir. 2004) (explaining that "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention."). As the Eleventh Circuit explained in Alston:

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); see also Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases), cert. denied, — U.S. —, 130 S. Ct. 500, 175 L. Ed. 2d 355 (2009). There is a valid reason behind this principle: "[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment— i.e., the conviction itself—and thus habeas relief is not an appropriate remedy." Carroll, 574 F.3d at 1365. Furthermore, such challenges often involve issues of state law, and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992).

*Id.* at 1325–26.

Here, Petitioner's claim that the state post-conviction court erred by relying on arguments propounded by the State, challenges only the state's application of its own post-conviction procedure, not the legality of Petitioner's detention. Therefore, it does not state a basis for federal habeas relief. Further, to the extent Petitioner challenges the substance of the state court's adjudication of his ineffective assistance of counsel claim, he is not entitled to federal habeas relief

for the reasons discussed *supra* in Ground One.  Therefore, Petitioner is not entitled to relief on Ground Two.

IV.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of May 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:13cv319/MMP/EMT